UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BENJAMIN PRESTON FOREMAN,

        Movant,

                                                   File No. 1:08-CV-1115

v.

                                                   HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/


## O P I N I O N

This matter is before the Court on Movant Benjamin Preston Foreman's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 1.) The government has filed a motion to dismiss Movant's § 2255 motion. (Dkt. No. 6.) Movant has also filed an application to proceed without payment of fees (Dkt. No. 2), a motion for discovery (Dkt. No. 4), a motion for leave to file excess pages (Dkt. No. 5), and a motion for an order granting his § 2255 motion. (Dkt. No. 10). For the reasons that follow, the government's motion to dismiss will be granted, and Movant's § 2255 motion will be denied. Consequently, Movant's application to proceed without payment of fees, motion for discovery, motion for leave to file excess pages, and motion for order will be denied as moot.

## I.

Movant was indicted on February 8, 2006, for: (1) possession, with the intent to distribute, fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A)(iii) ("Count 1"); (2) possession, with the intent to distribute, cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 2"); (3) possession of firearms during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count 3"). (W.D. Mich. File No. 1:06-CR-30, Dkt. No. 1.) Movant pleaded guilty on March 16, 2006, pursuant to a written plea agreement in which he agreed to waive the right to challenge his sentence, for any reason, either on appeal or by collateral attack. (*Id.*, Dkt. No. 29.) On September 7, 2006, this Court sentenced Movant to 240 months of incarceration as to Counts 1 and 2, to run concurrently, and sixty months as to Count 3, to run consecutive to his sentence as to Counts 1 and 2. This Court also sentenced Movant to five years of supervised release. (*Id.*, Dkt. No. 32, J.) Movant appealed his sentence on September 15, 2006. This appeal was dismissed on September 6, 2007, because Movant had waived his right to appeal in his plea agreement. (File No. 1:06-CR-30, Dkt. No. 42.) On November 28, 2008, Movant filed his § 2255 motion. The government moved to dismiss this motion on January 13, 2009. (Dkt. No. 6.)

## II.

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v.*

*Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

### III.

Movant seeks relief based on eight distinct claims: (1) counsel was ineffective

because he failed to investigate the facts of the case, research the law, or provide competent assistance; (2) the Court erred in sentencing because 18 U.S.C. § 924(c)(1)(A) provides that Movant's sentence as to Count 3 should run concurrently to the sentences as to Counts 1 and 2; (3) Movant's conviction and sentence as to Count 3 are in violation of the Second and Ninth Amendments; (4) Movant's indictment for violation of 18 U.S.C. § 924(c)(1)(a)(i) is fatally defective because it does not contain a mens rea element; (5) the federal government lacks jurisdiction to prosecute Movant because Movant was not registered in a federal program and, thus, was not involved in interstate commerce; (6) the United States District Court for the Western District of Michigan lacks Article III judicial power and, thus, lacks subject-matter jurisdiction; (7) Movant was subjected to pretrial punishment in violation of the Fourteenth Amendment because he was referred from state detainment for federal prosecution, which carries more severe penalties; and (8) the United States Attorney failed to follow through on an oral promise to file a motion to reduce Movant's sentence by seven years for his substantial assistance.

The Court must first address whether Movant's § 2255 motion is barred by the waiver of his right to collaterally attack his conviction and sentence in his plea agreement. "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit has held, in particular, that a movant's waiver of his right to collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422

(6th Cir. 2007). However, waiver of collateral attack may be unenforceable "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel" because:

> [I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Id.*

In paragraph ten of his plea agreement, Movant agreed to waive the right to challenge his sentence by direct appeal and by collateral attack:

> The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this the Defendant knowingly waives the right to appeal the sentence as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth under 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255.

(W.D. Mich. File No. 1:06-CR-30, Dkt. No. 24.) Furthermore, at his plea hearing before the Magistrate Judge, Movant stated under oath that he understood that he was waiving his right of collateral attack:

> THE COURT: All right. Now, in addition to having a right to appeal, which you are giving up, a defendant in this court also has the right to come back into this court after a sentence and file a motion attacking the sentence if they think that it was improperly imposed for some reason. And that is called a number of things. It's called a collateral attack, it's called a petition for writ of habeas corpus. And since it's provided for in Section 2255 of Title 28, which is the criminal code, it's sometimes referred to, shorthand, 2255 motion.

But no matter what you call it, it's a motion filed in this court attacking the sentence. Now, you would normally have that right. But again, in exchange for some concessions made by the government, you're giving up your right to file that motion in this court; do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you're agreeing to that; is that correct?

THE DEFENDANT: Yes.

(*Id.*, Dkt. No. 29, Plea Hr'g Tr. 20-21.)  It thus appears from the plea agreement and

Movant's statements at the plea hearing that Movant's plea was knowing and voluntary.

However, Movant argues that his first and eighth claims demonstrate that his guilty plea was

involuntary or invalid because his counsel was ineffective and because he was relying on an

oral promise made by the United States Attorney.  (Dkt. No. 8, Reply to Govt.'s Mot. to

Dismiss 5.)  If Movant is correct, his first and eighth claims are not barred by his waiver of

collateral attack in the plea agreement.  However, his second through seventh claims, which

do not affect the validity of his plea or his waiver of his right to collaterally attack his

sentence, are barred.

## A.    Movant's First Claim

Movant's first claim, that his counsel was ineffective, does not demonstrate that the

plea agreement is invalid.  Movant contends that his attorney was ineffective for multiple

reasons, but identifies seven specific examples of erroneous assistance which he contends

influenced his guilty plea:  (1) counsel failed to prepare sentencing guidelines for Movant

and adequately discuss his sentencing exposure; (2) counsel failed to determine whether

Movant qualified as a career offender pursuant to U.S.S.G. § 4B1.1 prior to Movant pleading guilty, despite Movant's repeated requests for him to do so; (3) counsel improperly pressured Movant into pleading guilty and rushed Movant through the process; (4) counsel failed to investigate the facts and research the law, and, as a result, failed to file a motion to suppress evidence; (5) counsel failed to explain the mens rea element of 18 U.S.C. § 924(c)(1); (6) counsel failed to communicate a counter-offer to the United States Attorney; and (7) counsel failed to seek a plea agreement in Washington, D.C. (Dkt. No. 5, Mem. in Supp. of § 2255 Mot. 19-20.)

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Movant supports his first and second contentions, that counsel failed to review the sentencing guidelines with Movant prior to his plea and failed to determine if he qualified as a career offender prior to his plea, with two letters indicating that counsel was planning to meet with him two months after the entry of his plea to go over the sentencing guidelines. (Dkt. No. 5, Ex. M.) However, these letters do not indicate that counsel had not reviewed the guidelines with Movant before the plea. Nor do they indicate that counsel failed to determine prior to the plea that Movant qualified as a career offender. In fact, Movant stated at his plea hearing that he had talked to his counsel about the sentencing guidelines:

> THE COURT: However, your attorney has access to the same material as everybody else does about how these are calculated, and he may have been able to give you some idea of how he believes they would impact you in this case. Although, he certainly cannot guarantee you that his calculations will be the final calculations.
>
> Do you understand what I'm talking about when I talk about sentencing guidelines?
>
> THE DEFENDANT: Yes, I do, Your Honor.
>
> THE COURT: Fine. Have you talked about these with your attorney?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Was he able to give you some idea of how these guidelines might affect you in this case if the judge followed them?
>
> THE DEFENDANT: Yes.

(W.D. Mich. File No. 1:06-CR-30, Dkt. No. 29, Plea Hr'g Tr. 4-5.)  Movant also indicated that he was satisfied with his counsel:

> THE COURT: Are you satisfied with his advice to you and his representation of you?
>
> THE DEFENDANT: Absolutely.

(*Id.* at 36.)  These statements contradict Movant's claim that he "repeatedly requested" counsel to calculate his guidelines.  (Dkt. No. 5, at 20.)

Movant also alleges that his counsel promised him, "if you plead guilty today you'll get the mandatory minimum of 15 years."  (Dkt. No. 5, Attach. 2, Benjamin Foreman Aff. 2.)  However, the plea agreement explicitly states that the Court can sentence Movant anywhere between the statutory minimum and maximum:

The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

The Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

. . . .

The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty pleas, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that no one - not the prosecutor, the Defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

(File No. 1:06-CR-30, Dkt. No. 24, at ¶¶ 7, 8, 12.) Additionally, Movant stated at the plea hearing that no promises had been made to him that were not contained in the plea agreement:

THE COURT: And do you think anybody else has made you any promises whatsoever to get you to plead guilty or to get you to sign this agreement that are not written down in this agreement?

THE DEFENDANT: No, Your Honor.

THE COURT: You understand this would be the time to say so if you thought that there had been any other promises.

THE DEFENDANT: No.

THE COURT: There haven't been?

THE DEFENDANT: No.

(*Id.*, Dkt. No. 29, at 18.)

Movant supports his third contention with two letters indicating that as of May 1, 2006, counsel and Movant were seeking a better plea agreement. (Dkt. No. 5, Ex. D.) These letters do not indicate that Movant was rushed or improperly pressured into pleading guilty. Indeed, Movant indicated at his plea hearing that he was given ample time and opportunity to review the plea, and that he was satisfied with counsel's representation:

> THE COURT: All right. Mr. Foreman, have you had ample time and opportunity, sufficient time and opportunity to talk about this case with your attorney and to discuss it with him?
>
> THE DEFENDANT: Yeah. Yes, I have. I'll say yes.
>
> THE COURT: All right.
>
> THE DEFENDANT: Not as much as I would like to, but yes.
>
> THE COURT: Are you satisfied with his advice to you and his representation of you?
>
> THE DEFENDANT: Absolutely.
>
> THE COURT: And do you have any questions about anything we've talked about so far?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you still wish to plead guilty?

THE DEFENDANT: Yes.

THE COURT: You don't feel you've been hurried through this process too fast, do you?

THE DEFENDANT: No.

(W.D. Mich. File No. 1:06-CR-30, Dkt. No. 29, Plea Hr'g Tr. 36-37.) As Movant's first three ineffective assistance of counsel contentions are contradicted by the record, the Court finds that they are without merit, and they do not undermine the validity of Movant's waiver of collateral attack.

Movant's fourth through seventh ineffective assistance of counsel contentions also do not undermine the validity of Movant's waiver of collateral attack. Movant claims that counsel failed to investigate the facts of the case and research the law, failed to explain the mens rea element of 18 U.S.C. § 924(c)(1), failed to communicate a counter-offer to the United States Attorney, and failed to seek a plea agreement in Washington, D.C. However, Movant fails to explain or demonstrate how these actions prejudiced him or affect the validity of his plea.

Movant also claims that a motion to suppress evidence should have been filed. Movant alleges, without support, that the police illegally used coerced statements from his girlfriend to obtain a search warrant for his house. (Dkt. No. 5, Ex. B, Benjamin Foreman Aff.) However, this self-serving affidavit fails to show that a motion to suppress was warranted. Because Movant was not present for any of the conduct he alleges, his testimony is not evidence that his girlfriend was arrested illegally or coerced

11

into making statements against him.  Furthermore, Movant presents no evidence that the

search warrant was even obtained on the basis of his girlfriend's statements.  Thus,

Movant fails to satisfy the prejudice prong of his ineffective assistance of counsel claim.

**B.      Movant's Eighth Claim**

Just as with Movant's ineffective assistance of counsel contentions, Movant's

eighth claim does not demonstrate that the plea agreement was invalid.  Movant claims

that the United States Attorney promised his counsel that the government would introduce

a U.S.S.G. § 5K1.1 motion to reduce Movant's sentence by seven years, but this claim is

contradicted by the record.  Movant's plea agreement explains the possibility of a § 5K1.1

motion, but explicitly states:

> The U.S. Attorney's Office will decide whether to file a motion for
> departure or reduction of sentence pursuant to Sentencing Guidelines §
> 5K1.1 or Rule 35(b) of the Federal Rules of Criminal Procedure.  The
> Defendant fully understands that such a motion may be made pursuant to
> law if, and only if, the Defendant fully cooperates with the Government and
> materially and substantially assists the Government in the investigation or
> prosecution of others.  The determination of whether the Defendant has
> provided substantial assistance to the United States, or to designated state or
> local law enforcement authorities, will be made in the sole discretion of the
> U.S. Attorney's Office.  The Defendant fully understands that this
> paragraph is not a promise by the government to file such a motion.

(Dkt. No. 24, at ¶ 6(d).)  Furthermore, paragraph fourteen of the plea agreement states

that there were no other agreements between the parties:

> This agreement has been entered into by both sides freely, knowingly, and
> voluntarily, and it incorporates the complete understanding between the

parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

(*Id.* at ¶ 14.) At his plea hearing Movant stated that he was not relying on any promises other than those in the plea agreement:

> THE COURT: And do you think anybody else has made you any promises whatsoever to get you to plead guilty or to get you to sign this agreement that are not written down in this agreement?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: You understand this would be the time to say so if you thought that there had been any other promises.
>
> THE DEFENDANT: No.
>
> THE COURT: There haven't been?
>
> THE DEFENDANT: No.

(File No. 1:06-CR-30, Dkt. No. 29, at 18.)

Because Movant's first and eighth claims are without merit, the Court finds that Movant's waiver of collateral attack was valid and that his right to challenge his conviction and sentence via § 2255 is barred.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied, and the government's motion to dismiss will be granted.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that a reasonable jurist would find the Court's assessment of Movant's claims debatable or wrong. Accordingly, a certificate of appealability will be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>July 19, 2010</u>                                   <u>/s/ Robert Holmes Bell</u>
                                                             ROBERT HOLMES BELL
                                                             UNITED STATES DISTRICT JUDGE