UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:08-CV-1115

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter comes before the Court on Movant Benjamin P. Foreman's motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e), based on this Court's denial of Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed on him. (Dkt. No. 15.) For the reasons that follow, the motion is denied in part and transferred in part to the Sixth Circuit as a second or successive motion under § 2255.

## I.

Movant was indicted and pleaded guilty to three drug and firearm charges. (File No. 1:06-CR-30, Dkt. No. 1, Indictment; Dkt. No. 24, Plea Agrmt.) Movant was sentenced to 240 months as to each of counts one and two, to run concurrently, and 60 months as to count three, to run consecutively to counts one and two. (File No. 1:06-CR-30, Dkt. No. 32, J.) Movant's appeal was dismissed on the basis of his waiver of appellate review in his plea agreement. (Dkt. No. 42, *United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 6, 2007)).

Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was denied. (Dkt No. 13.) On August 23, 2010, Movant filed a motion under Rule 59(e) to alter or amend the judgment of this Court denying Movant's § 2255 motion. (Dkt. No. 15.)

## II.

"A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Am. Civil Liberties Union v. McCreary County*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered. *Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.*, 746 F.Supp. 705, 706 (S.D.Ohio 1989). Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before. *Weyerhaeuser Corp. v. Koppers Co.*, 771 F.Supp. 1406, 1419 (D.Md.1991). Further, under Local Rule 7.4(a), a motion for reconsideration "shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a).

**III.**

Movant makes the following arguments in his motion to alter or amend the judgment: (1) it was a miscarriage of justice to allow the use of the career offender status to enhance his sentence because he is actually innocent; (2) the sentencing procedure was invalid and violated his due process rights and should be set aside; (3) the guilty plea and appellate waiver were the result of ineffective assistance of counsel; (4) the change in Circuit Court law determines he is actually innocent of count 3 in violation of 924(c); (5) the District Court abused its discretion by failing to address three of the arguments contained in the § 2255 motion because they are outside the scope of the appellate waiver; (6) the District Court abused its discretion by not ordering an evidentiary hearing; and (7) Movant's career offender status should be lifted based on the dismissal of his prior conviction. (Dkt. No. 15, Attach. 2.)

Although Movant has attached numerous exhibits and several affidavits to his motion, Movant does not assert that there has been a change of facts or any newly discovered evidence in the time between filing his original § 2255 motion and the filing of the present motion to alter or amend. All of the information attached to the present motion could have been presented in the original § 2255 motion.

Four of the claims raised in the motion to alter or amend are not related to this Court's decision to deny Movant's § 2255 motion. Arguments one, two, four, and seven all raise new grounds for vacating Movant's original sentence. These claims, in essence, constitute a

second or successive motion to vacate. Federal prisoners only have the right to file one motion under § 2255; subsequent § 2255 motions may only be filed by leave of the appropriate circuit court of appeals. *See United States v. McDonald*, 326 F. App'x 880, 883-84 (6th Cir. 2009); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."). Because Movant has not obtained leave from the Sixth Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to entertain his motion as to those four claims.

When a second or successive petition is mistakenly filed in the district court without appellate authorization, the appropriate disposition is to transfer the case to the court of appeals pursuant to 28 U.S.C. § 1631. *Craft v. United States*, 299 F. App'x 507, 509 (6th Cir. 2008); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). The Court will accordingly transfer four of the claims in Movant's motion to alter or amend a judgment, which this Court has construed as a second or successive motion under § 2255, to the Sixth Circuit Court of Appeals.

**IV.**

Three of Movant's arguments are properly within the scope of his Rule 59(e) motion. The assertions that address the Court's denial of the original § 2255 motion include the

following (as numbered in Movant's motion to alter or amend): (3) the guilty plea and appellate waiver were the result of ineffective assistance of counsel; (5) the District Court abused its discretion by failing to address three of the arguments contained in the § 2255 motion because they are outside the scope of the appellate waiver; and (6) the District Court abused its discretion by not ordering an evidentiary hearing. (Dkt. No. 15, Attach. 2.) This Court will address these arguments.

**A. The Court did not err in dismissing Movant's claim that the guilty plea and appellate waiver were the result of ineffective assistance of counsel**.

Movant alleges that the waiver in his plea agreement is invalid based on Counsel's ineffective assistance and because of an oral promise made by the United States Attorney. (Dkt. No. 15; File No. 1:06-CR-30, Dkt. No. 8, Reply to Govt.'s Mot. to Dismiss 5.)

Movant asserts in the present motion that he was prejudiced by Counsel's ineffective assistance because Movant would not have accepted the plea offer from the government if he had not been misled by Counsel. (Dkt. No. 15, Attach. 3, at 14.) Movant alleges that Counsel misled him by failing to properly explain the sentencing guidelines that would be applied. (Dkt. No. 15, Attach. 3, at 16.) This Court did not err in finding that Movant's statements at the plea hearing contradicted his affidavit claiming lack of knowledge about the sentencing guidelines. In Movant's present motion to alter or amend, he does not raise any additional argument or provide any new evidence that would change the Court's assessment.

Regarding Counsel's failure to review the charges with Movant, Movant states that Counsel failed to explain the necessary elements for the government to secure a conviction. Movant does not allege any additional facts or basis on which the Court erred in denying this claim. The Court found that the record contradicts Movant's claims that he did not have notice of the elements necessary to convict him. Additionally, Movant did not assert that the lack of information about the charges or elements actually affected the validity of the plea agreement. This Court did not err in finding that the assertions are without merit.

Movant also asserts that his plea agreement was invalid because his acceptance of the plea agreement was induced by promises made by the United States Attorney. (Dkt. No. 15, Attach. 2.) However, Movant makes the same arguments outlined in his original § 2255 motion. (File No. 1:06-CR-30, Dkt. No. 5, Attach. 1.) Movant claims that the United States Attorney promised Counsel that the government would introduce a U.S.S.G. § 5K1.1 motion to reduce Movant's sentence by seven years, but this claim is contradicted by the record. This Court did not err in finding that Movant's plea was not affected by alleged promises by the United States Attorney.

**B. The Court correctly determined that one of the contested claims was waived by the plea agreement but did err in failing to address two of the jurisdictional claims which cannot be waived in a plea agreement.**

This Court accurately determined that Movant's plea was knowing and voluntary. However, Movant correctly states that a person may not waive jurisdictional issues in a plea agreement. *United States v. Titterington*, 374 F.3d 453, 459 (6th Cir. 2004) ("A true

6

jurisdictional problem – say, the Federal Government prosecutes a defendant for a non-federal crime – cannot be waived or altered by the parties' conduct during the proceeding."). Movant asserts that the following claims were not waived by the plea agreement (as numbered by Movant): (4) Movant's indictment for violation of 18 U.S.C. § 924(c)(1)(a)(i) is fatally defective because it does not contain a mens rea element; (5) the federal government lacks jurisdiction to prosecute Movant because Movant was not registered in a federal program and, thus, was not involved in interstate commerce; and (6) the United States District Court for the Western District of Michigan lacks Article III judicial power and, thus, lacks subject-matter jurisdiction. (Dkt. No. 15.) Claim four was not related to jurisdiction and is waived by the plea agreement as this Court stated in the original denial of Movant's § 2255 motion. This Court failed to address the two other claims and will do so now.

In claim five, Movant challenges the jurisdiction of this Court based on the Supreme Court's holding in *Wickard v. Filburn*. 317 U.S. 111 (1942). Movant claims that because he was not himself involved in a federal program, he cannot be within federal jurisdiction. Movant misapplies *Wickard*, which defines interstate commerce for purposes of the commerce clause. *Id.* Jurisdiction over Movant's case is granted by 18 U.S.C. § 3231 which states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Because Movant was charged with crimes against the laws of the United States, this

Court did have valid jurisdiction over this case. (File No. 1:06-CR-30, Dkt. No. 1, Indictment.) This conclusion also satisfies Movant's sixth argument and therefore both jurisdictional claims will be denied by this Court as being without merit.

**C. The District Court did not abuse its discretion by not ordering an evidentiary hearing.**

A court is not required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Movant's allegations in his motion were clearly contradicted by the record and the Court did not err in refusing to order an evidentiary hearing.

**V.**

In summary, this Court did not err by finding that the guilty plea and appellate waiver were not the result of ineffective assistance of counsel, by not addressing one of the three arguments that were correctly determined to be waived by the plea agreement, and in not holding an evidentiary hearing. The Court has addressed and will deny the two jurisdictional claims that it failed to address in the denial of the original § 2255 motion. Movant's motion to alter or amend the judgment based on those three arguments will be denied.

The Court will transfer the remaining four arguments in Defendant's motion to alter or amend a judgment, which this Court has construed as a second or successive motion under § 2255, to the Sixth Circuit Court of Appeals.

An order consistent with this opinion will be entered.


Dated: October 18, 2010                             /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE